Robertson, Ch. J.
The referee in this case has found in his report that the buildings upon the premises in question “ are in good repair, excepting such damages as have been caused by the reasonable use and wear thereof, and by the elements.” But he has omitted otherwise to find directly whether the lessees kept the demised premises “ in good repair,” and did “ all necessary repairs upon the buildings thereon,” as required to do by their covenant in such lease, upon the non-performance of which the plaintiff had a right to re-enter. The referee has, however, specified the defects in such buildings whi.ch "have arisen since the lessees went into possession of the demised premises. From these it can be seen that the premises are not in as good a condition as when the lessees so entered into possession, and that they needed repairs to make them so. The plaintiff, therefore, was entitled to recover, unless the defendants were excused from repairing, because such defects were produced by the elements and corrosion of time. No such exception is contained in the covenant to repair, and unless by some implication or construction of law it can be fas *524 tened upon it, the plaintiff’s right of recovery is not impaired by such an origin for the defects.
It is said that the exception, in the second covenant, to surrender the premises in as good state and condition as when entered upon, of wear and tear and damages by the elements, is to be considered as grafted upon the covenant and condition to repair during the term, because it is in the same instrument, refers to the same subject, and the covenant 'is intended to carry out a similar purpose: It will, however^ be found, that there is no rule of construction or ground to sustain such qualification of the covenant and condition to' repair. Besides the fact that the covenant to surrender is printed and the other written, the two covenants relate to entirely different periods. One continues during the whole term, and the other does not have any thing upon which to operate until the term has ended. One (that to repair) creates a forfeiture, by being converted expressly into a condition to defeat the estate. But, in the very act of yielding them up, a malicious or negligent tenant might injure the premises or suffer them to be injured, after forfeiture had ceased to furnish a remedy. Moreover, repairs done to the building, which might not be capable of being made- without greatly improving it, might be affected by time, and, in such case, the exception in the covenant to surrender, would be to prevent the necessity of renewing such repairs, of the same quality as before, provided the general condition of the building, at the end of the term was as good as it was at the beginning, although it might have been in better condition when the repairs were put upon it.
At common law, without any express covenant, the tenant is" bound to keep the premises in “ tenantable repair, and surrender them at the end of the term in as good condition as the ordinary and natural decay of the premises will permit.” (Platt on Covenants, 266.) This duty extends to preventing waste and decay of the premises, although not to permanent repairs. (Ferguson v. --, 2 Esp. N. P. C. *525 590.) The covenant to yield up, in the same condition, &c. assumes no more responsibility. It is, however, only a personal covenant, and does not run with the land; because the estate of the lessee in the demised premises has ended when it is called into operation. But a covenant to repair ex-' tends to the thing demised, and, being appurtenant to it, runs with the land, (Platt on Covenants, 466,) and binds an assignee. Under such a covenant, if general, “ the lessee’s liability is not confined to cases of ordinary and gradual decay, but extends to ” accidental injuries. (Id. 274, and cases cited in note y; also page 275, and cases cited in notes b and c.) So .that it has become customary to introduce an exception against accidents. (Id. p. 275.) Such covenant has been construed so strictly as to be held to require the covenantor to repair, and not allow him to rebuild, as a substitute. (Wood v. Avery, 2 Leon. 189. S. C. Sav. 96.) On such a covenant an action arises forthwith, in ease of an omission to repair, (Luxmore v. Robson, 1 Barn. & Ald. 584,) although on a covenant to leave in good condition, no action at law lies, even if the lessee pull down the buildings, (Shep. Touch. 173,) until after the end of the term.
It is to be borne in mind, also, that in this ease the obligation to repair by the lessee, is made a condition as well as a covenant. A mere covenant to repair does not furnish an adequate protection to a lessor, as upon breach of such a covenant, generally, only nominal damages are given when an. action is brought before the end of the term, (Moore v. Clark, 5 Taunt. 96; see 1 Salk. 141; 11 Mod. 45; Molt. 178 ; 2 Lord Raym. 798,) and it cannot be specifically enforced in equity. (Platt on Coven. 293, and cases cited.) The landlord, therefore, is to be presumed to have received the power of re-entry for neglect, as his only adequate protection. An ordinary covenant to leave buildings sufficiently repaired, when contained in the game instrument with a covenant to repair on notice, is considered entirely distinct therefrom. (Harflet v. Boucher, Cro. Jac. 644.) So, also, are covenants absolutely to repair and yield up *526 the premises in repair, and to repair on notice, construed as distinct, (Wood v. Day, 1 J. B. Moore, 389. S. C. 7 Taunt. 646,) and the reasoning in the two cases last cited is eminently applicable to this. The two covenants differ entirely as to the time to which they are applicable, one being' continuous during a period, and the other ■ only capable of being broken at one point of time. The covenant to yield up in good order is, in fact, a covenant against waste, whether active or permissive, which, under the Code of Procedure, (§§ 450, 452,) could only create a forfeiture in certain cases. A lessor in a lease containing one, is entitled to an injunction against waste by lessees and their under tenants, by pulling down buildings and carrying away materials just before the end of the term, (Mayor of London v. Hedger, 18 Ves. 355,) although a covenant to repair cannot be specifically enforced. On the other hand a general covenant or condition to repair' extends as well to injuries done -by the act or omission of the lessee as to those arising from unavoidable accident. (Pyot v. Lady St. John, Cro. Jac. 239.) The two in this case are palpably, therefore, not only entirely distinct, but entered into for entirely different purposes, and to accomplish entirely different ends. A forfeiture for non-performance of the condition to repair would render the covenant to surrender useless,-while the performance of the covenant to repair during the whole term, would not prevent a violation, at the moment of departure, of- that to surrender. They are, therefore, not to be construed together.
The whole of an instrument is not, necessarily, to be taken together, in order to discover but one intent in every provision in it. On the contrary, each provision having a separate effect, is to be construed by itself; otherwise there would be no purpose answered in' having separate stipulations. There is no more unreliable mode of construing a contract and defeating the purposes of the parties to it, than attempting to confine them to one. It would be useless, in such a case, for a party to. an agreement to attempt to pro *527 tect himself against a special evil by a particular stipulation, if another in the same instrument could be made to control it by implication. There is no irreconcilability in the two. in question in this case, because they do not clash. One begins to operate when the other ceaáes; and there is, therefore, nothing to be reconciled.
The referee having, therefore, found that the building was permitted to remain out of repair, from whatever cause the injury arose, should have found in favor of the plaintiff.
I am of opinion that the judgment should be reversed, and a new trial ordered, vacating the order of reference.
Monell, J. concurred.